IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **FELIPPA PAUL HOLBERT,** : | |
| : | Case No. 2:19-cv-5553 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| **COMMISSIONER OF SOCIAL SECURITY,** : | |
| : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

### I.     INTRODUCTION

This matter is before the Court on Plaintiff Felippa Paul Hobart's Objections (ECF No. 13) to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 12), which recommended that the Court overrule Plaintiff's Statement of Specific Errors (ECF No. 8) and affirm the Commissioner of Social Security's ("Commissioner") decision. Upon independent review by the Court, and for the reasons set forth below, Plaintiff's Objections are hereby **OVERRULED** and this Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

### II.     BACKGROUND

The relevant facts concerning Plaintiff's medical records, as well as the Administrative Law Judge's ("ALJ") opinion, are set forth in the Magistrate Judge's R&R. (ECF No. 12). Accordingly, this Court highlights only those facts that are relevant to this decision.

Plaintiff filed his application for benefits on May 2, 2016, alleging that he has been disabled since January 1, 2016. (ECF No. 7 at 215-222). Plaintiff avers that he suffers from knee and ankle pain causing difficulty walking, learning disabilities, sleep apnea, and high blood pressure. (*Id.* at

1

238, 235). Plaintiff's application was denied initially and upon reconsideration. (*Id.* at 144–46, 155–59). Upon Plaintiff's request, ALJ Ronald Herman held a hearing on October 10, 2018 where Plaintiff appeared and testified, as did a vocational expert, Michael Eric Roscoe. (*Id.* at 34–35). On February 6, 2019, ALJ Herman issued a decision finding that Plaintiff was not disabled. (*Id.* at 12–33). On October 21, 2019, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as final. (*Id.* at 1–6).

In the opinion denying benefits, the ALJ conducted the required five-step sequential analysis for a disabilities benefits claim. *See* 20 C.F.R. § 416.920(a)(4); (ECF No. 7 at 15-32). At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since June 6, 2015, before Plaintiff's application date. (*Id.* at 18). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: major joint dysfunction, back disorder, obesity and depressive disorder. (*Id.*). At step three, the ALJ found these impairments, taken on their own or in combination with each other, did not meet or medically equal the requirements of any section of the listed impairments set forth in 20 CFR Part 404, Subpt. P, App. 1. (*Id.*). In particular, the ALJ specifically found that Plaintiff's major joint dysfunction did not support the required medical findings of listing 1.02A. (*Id.*). At step four, the ALJ found that Plaintiff had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work where he is able to lift up to 20 pounds occasionally and 10 pounds frequently as defined in 20 CFR 416.967(b) excep sit/stand option alternating every 15 to 30 minutes; occasionally using his right foot for foot controls; postural activities, such as bending, stooping, crouching, crawling and the like should be performed on an occasional basis; avoid climbing ladders, ropes and scaffolds; he needs a cane for walking purposes; and work should be limited to simple, routine, and repetitive tasks.

(*Id.* at 21). During the assessment of Plaintiff's residual functional capacity, the ALJ found the opinion evidence offered by the Plaintiff to be not fully credible. The ALJ assigned "some weight"

to the opinions of State agency medical consultant Dr. Lehv. (*Id.* at 24). He further assigned "some weight" to the opinion of mental consulting psychologist Floyd Sour, M.A., as to Plaintiff's limitations in ability to work with others in a work setting, and to the opinions of state agency psychological consultants Drs. Banks and Delcour as to Plaintiff's limitations in maintaining social functioning and concentration, but "no weight" to the balance of those experts' opinions. (*Id.* at 24–25). The ALJ also assigned "some weight" to the opinion of post-hearing consultative examiner Dr. Brown as to Plaintiff's residual functional capacity, but the ALJ disagreed with Dr. Brown's assessment about Plaintiff's "ability to sit for 20 minutes and then stand and his need for a cane for walking." (*Id.* at 25–26). Based on the vocational expert's testimony and Plaintiff's residual functional capacity, the ALJ found that Plaintiff is able to perform jobs that exist in significant numbers in the national economy, and so is not disabled under the Social Security Act. (*Id.* at 28).

### III. STANDARD OF REVIEW

District courts, upon objection to an R&R, is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Courts may accept, reject, or modify any of the magistrate judge's findings or recommendations. *See Id.* In doing so, a court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ellis v.*

*Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). In determining whether substantial evidence exists to support the Commissioner's conclusion, the Court must consider the record as a whole. *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984). The Commissioner's findings are not to be reversed simply because there exists substantial record evidence to support an alternative conclusion. *Buxton v. Halter, Comm'r of Soc. Sec.*, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

In evaluating a prior decision under the substantial evidence standard, courts consider "whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Even if an ALJ's decision meets the substantial evidence standard, courts must overturn a decision of the Commissioner where the Social Security Administration "fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### IV.  LAW & ANALYSIS

Plaintiff raises one objection to the Magistrate's R&R, which is that the ALJ erred in his evaluation of whether Plaintiff's impairments met or equaled the Listing of Impairments necessary to be met for a finding of disability. (ECF No. 13 at 2). He urges the Court to reverse the Commissioner's decision and award benefits or, in the alternative, to remand the matter to the Commissioner for further proceedings on the evidence. (*Id.* at 5).

Specifically, Plaintiff objects to the Magistrate Judge's recommendation to uphold the ALJ's finding that Plaintiff's physical impairments do not meet or equal § 1.02A of the Listing of

4

Impairments, which sets forth the criteria an applicant must meet for an award of benefits for musculoskeletal disorders. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 1.02-1.02A; (ECF No. 13 at 2). An applicant can satisfy § 1.02A by proving the existence of four elements: (1) a "gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability);" (2) "chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s);" (3) "findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s);" and (4) "[i]nvolvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively." *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 1.02-1.02A.

Inability to ambulate effectively is defined as "an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 1.00B(2)(b)(1). It is also defined "as having insufficient lower extremity functioning, *see* 1.00J, to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." *Id.* Examples of ineffective ambulation provided by the regulations "include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes," and "the inability to walk a block at a reasonable pace on rough or uneven surfaces." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 1.00B(2)(b)(2). Plaintiff argues that the ALJ's finding that he is able to ambulate effectively and so does not meet the requirements of § 1.02A is in error, which leaves "the decision unreviewable" and urges that this Court reverse. (ECF No. 13 at 4–5).

The ALJ found that Plaintiff does not suffer from an "inability to ambulate effectively." In so finding, the ALJ determined Plaintiff's evidence fell short of the Listing § 1.02A requirements.

5

Namely, evidence from multiple doctors demonstrated Plaintiff's ability to ambulate without the use of two canes or a walker, as did Plaintiff's own testimony that he had worked "under the table" in 2016–2017. (ECF 12 at 21-22). Plaintiff's treatment records at various times show that he has an "intact" gait, an "antalgic" gait, and that he is "able to walk without the cane when asked to do so." (*Id.* at 396, 533, 699). In addition, his testimony of working in 2016 and 2017 indicated to the ALJ that he "had sufficient mobility to perform his daily activities, and to get to and from work," which are two indicators of effective ambulation. (ECF No. 11 at 6–7). Finally, the ALJ found that Plaintiff's use of a single cane does not satisfy the example of ineffective ambulation in § 1.02A where a claimant is unable to "walk without the use of a walker, two crutches or two canes." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 1.00B(2)(b)(2).

Plaintiff's objection focuses on the fact that one of his doctors did find that he could not walk a block at a reasonable pace while undergoing rough or uneven surfaces, which argues is "clear evidence documenting" meeting the ineffective ambulation requirement in § 1.02A. (ECF No. 13 at 4). It is true that the record contains some evidence that could lead to a finding other than that at which the ALJ arrived. But this Court now need only be satisfied that substantial evidence supports the ALJ's finding. *Buxton*, 246 F.3d at 772; *Elkins*, 658 F.2d at 439. Because such substantial evidence exists, including that Plaintiff was able to work in 2016 and 2017, requiring him to engage in the kind of independent activities that characterize effective ambulation in the regulations, the ALJ's finding that Plaintiff failed to meet the requirements of § 1.02A was not in error. As such, the Court **OVERRULES** Plaintiff's objection as to this finding.

## V. CONCLUSION

For the aforementioned reasons, the Court hereby **OVERRULES** Plaintiff's Objection and **ADOPTS** the Magistrate Judge's **Report and Recommendation**. The case is hereby **DISMISSED**. (ECF No. 12).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 15, 2021**